UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE PEREZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>LAVELLE PARKER,<br><br>　　　　Respondent. | No.  2:24-cv-3469-CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). However, the petition should be summarily dismissed because the court lacks jurisdiction over petitioner's claim for resentencing and release under state law.

　　　　**I. Screening Standard**

　　　　In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss

1

a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

**II. Background**

In March of 2018, in case 16CF06270 in the Butte County Superior Court, a jury found petitioner guilty of assault with a deadly weapon and infliction of corporal injury upon a spouse. People v. Belyew, No. C086800, 2020 WL 5649408, at *1 (Cal. Ct. App. Sept. 23, 2020). For sentence enhancement purposes, the jury found true petitioner used a deadly weapon, inflicted great bodily injury, and was out on bail for a felony offense when the offenses were committed. (Id.) The trial court sentenced petitioner to an aggregate term of seven years in state prison. (Id.)

Petitioner seeks relief on the ground that she is eligible for resentencing under Assembly Bill ("A.B.") 600 in case 16CF06270. (ECF No. 1 at 5.) Petitioner has applied to the Superior Court for resentencing and submitted supporting documentation. (Id.) Through this action, petitioner seeks to be granted release under resentencing for A.B. 600. (Id.)

**III. Discussion**

"A.B. 600 amended section 1172.1 of the California Penal Code to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1(a)(1)). Petitioner's claim for resentencing under A.B. 600 does not state a federal habeas claim because such relief "is unavailable for alleged error in the interpretation or application of state law[.]" Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Instead, federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A question as to the applicability of A.B. 600 to petitioner does not state a claim for federal habeas relief because it solely involves the interpretation or application of state sentencing laws, which does not give rise to a federal question cognizable in federal habeas. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The exception would be if "the

state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Here, the petition contains no suggestion that the state court has acted in an arbitrary or capricious manner; instead, petitioner merely states she has submitted documents to the state court for resentencing and she also seeks resentencing through the present petition. Petitioner's claim is not cognizable because it is premised exclusively on an issue of state law, namely, whether the trial court should exercise its discretion under section 1172.1 of the California Penal Code.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

The undersigned is recommending your petition be summarily dismissed because you raise a state-law issue for which federal habeas relief is not available. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and explain how you are in custody in violation of the Constitution or laws or treaties of the United States.

### V. Order and Recommendation

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Petitioner's request to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be summarily dismissed for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  March 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, pere3469.scrn.fr